IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID NEDLEY, | ) | No. C 03-5237 JSW (PR) |
| Petitioner, | ) ) | ORDER DENYING PETITIONER'S MOTION FOR EVIDENTIARY |
| vs. | ) ) | HEARING WITHOUT PREJUDICE |
| D.L. RUNNELS, | ) ) | |
| Respondent. | ) ) | (Docket No. 15) |

    Petitioner, a state prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that he was denied ineffective assistance of counsel under the Sixth and Fourteenth Amendments. The Court ordered Respondent to show cause why the petition should not be granted. Respondent has filed an answer to the petition and Petitioner has filed a traverse. On June 27, 2005, Petitioner filed a motion for an evidentiary hearing. For the reasons set forth below, the Court will DENY Petitioner's motion without prejudice.

    An evidentiary hearing is held in federal habeas cases only under the most limited circumstances as articulated in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Baja v. Ducharme*, 187 F.3d 1075, 1077-79 (9th Cir. 1999), *cert. denied,* 528 U.S. 1079 (2000). Under the AEDPA, a district court presented with a request for an evidentiary hearing must determine whether a factual basis exists in the record to support the petitioner's claim. If it does not, and an evidentiary hearing might be appropriate, the court's first task in determining whether to grant an evidentiary hearing is to ascertain whether the petitioner has failed to develop the factual basis of a claim in state court. If so, the court must deny a hearing unless the petitioner establishes the following: (1) the claim relies on either (a) a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review, or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence, and (2) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the

applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2); *Baja*, 187 F.3d at 1078. *See*, *e.g., Buckley v. Terhune*, 397 F.3d 1149, 1158 (9th Cir. 2005) (petitioner failed to satisfy § 2254(e)(2) where the evidence he presented to the federal court was not "unknown or unavailable to the petitioner in state court"); *Bragg v. Galaza*, 242 F.3d 1082, 1085 (9th Cir.), *amended by* 253 F.3d 1150 (9th Cir. 2001) (court of appeals precluded from remanding case for an evidentiary hearing, despite concerns about gaps in the record, where petitioner failed to develop the factual basis for his claim in state court). If, on the other hand, the petitioner has not failed to develop the facts in state court, the district court may proceed to consider whether a hearing is appropriate, or required under *Townsend v. Swain*, 372 U.S. 293 (1963), *modified by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992). *Baja*, 187 F.3d at 1078.

      In this case, Petitioner has failed to establish that his request for an evidentiary hearing falls within the narrow exceptions to the rule limiting evidentiary hearings in habeas cases. Specifically, he offers no explanation why the evidence needed to support his ineffective assistance claim could not have been developed during the course of the state proceedings. Moreover, even if further factual development is required, expansion of the record, rather than an evidentiary, might be the appropriate route. Accordingly, Petitioner's motion for an evidentiary hearing (docket no. 15) is DENIED without prejudice. If the Court determines that further factual development is necessary, it will revisit the issue whether an evidentiary hearing must be held.

      IT IS SO ORDERED.

DATED: _1/10/06_____           *Jeffrey S. White*
                                             JEFFREY S. WHITE
                                             United States District Judge